DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Ralph and Mary Cox, appeal from the decision of the Summit County Court of Common Pleas that dismissed their complaint against Appellees, Indemnity Insurance Company of North America ("Indemnity"), American International Specialty Lines ("American"), Ohio Insurance Guaranty Association ("OIGA"), and TIG Insurance Company ("TIG"). This Court affirms.
 I {¶ 2} This case stems from an accident involving Appellants and Brandi Kirby ("Kirby"), the tortfeasor.[1] Specifically, Kirby, while operating her automobile, collided with a motorcycle occupied by Appellants. After receiving payment from Kirby's insurance company, Appellants brought the present action seeking a declaration that they are entitled to underinsured motorist ("UIM") coverage and/or medical payment coverage under policies issued by Indemnity,[2] National Union Fire Insurance Company ("National Union"),[3] and General Accident Insurance ("General Accident"). Thereafter, Appellants amended their complaint, and named Reliance Insurance Company ("Reliance") as an additional defendant; however, Appellants later voluntarily dismissed Reliance from the action. Appellants again amended their complaint, named OIGA[4] and TIG[5] as additional defendants, and sought UIM coverage and/or medical payment coverage from these additional defendants. Subsequently, American was substituted as a defendant for National Union, and Appellants voluntarily dismissed General Accident from the action. The trial court later declared that Appellants were not entitled to coverage, and, consequently, dismissed their complaint with prejudice. Appellants timely appeal, and raise six assignments of error for review. To facilitate review, this Court will address assignments of error one, two, four, and five together, and assignments of error three and six together.
 {¶ 3} This Court is cognizant that OIGA has raised three cross-assignments of error; however, a review of the record reveals that OIGA did not file a notice of cross appeal, as required by App.R. 3(C)(1). Accordingly, this court lacks jurisdiction to review the errors it has assigned. See Alpha Academies of Ohio, Inc. v. Keron (Apr. 9, 1980), 9th Dist. No. 2910, at 2; United States Fid. Guar. Co. v.Inter-City Prods. (Aug. 14, 1998), 7th Dist. No. 95-CO-75, 1998 Ohio App. LEXIS 3892, at *6; Whitson v. Whitson (Sept. 1, 1989), 6th Dist. No. OT-88-56, 1989 Ohio App. LEXIS 3375, at *9; Langford v. Danolfo (Apr. 1, 1982), 8th Dist. No. 43917, 1982 Ohio App. LEXIS 11937, at *6.
 II Assignment of Error Number One
"The trial court erred to the prejudice of * * * Mary Cox in determining that the policy of business automobile liability insurance coverage issued by [Indemnity] does not afford coverage to her claims."
 Assignment of Error Number Two
"The trial court erred to the prejudice of * * * Mary Cox in determining that the policy of commercial general liability insurance coverage issued by [Indemnity] does not afford coverage for her claims."
 Assignment of Error Number Four
"The trial court erred to the prejudice of * * * Ralph Cox in determining that the policy of commercial auto insurance coverage issued by Reliance Insurance Company does not afford coverage for his claims."
 Assignment of Error Number Five
"The trial court erred to the prejudice of * * * Ralph Cox in determining that the policy of commercial general liability insurance coverage issued by Reliance Insurance Company does not afford coverage for his claims."
 {¶ 4} In Appellants' first, second, fourth, and fifth assignments of error, they have challenged the decision of the trial court that neither Appellant is entitled to UIM coverage. Specifically, in their first and fourth assignments of error, Appellants have argued that they are entitled to UIM coverage because (1) the insurance policy issued by Indemnity is ambiguous, and, therefore, does not eliminate coverage; (2) they provided reasonable notice of their claim to Indemnity; and (3) they have rebutted the presumption that Indemnity had been prejudiced assuming their notice was deemed unreasonable. In their second and fifth assignments of error, Appellants have argued that the trial court erred when it failed to find that Appellants were entitled to UIM coverage by operation of law, and when it failed to identify those provisions that Appellants allegedly breached. Appellants' arguments lack merit.
 {¶ 5} This Court finds that Appellants do not qualify as "insureds" in light of the Ohio Supreme Court's recent decision in Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 6} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation." Id. at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the scope of employment." (Emphasis added.) Id. at ¶ 62. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citing King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 211. An insurance policy extending to
"an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Galatis, 2003-Ohio-5849, at ¶ 20.
 {¶ 7} In the instant case, it is undisputed that Appellants were not acting within the scope of employment at the time of the accident, as Appellants stipulated that "[a]t the time of the collision neither [Appellant] was acting in the course and scope of his or her employment, nor furthering his or her respective employers' business." Consequently, upon the authority of Galatis, this Court concludes that Appellants are not entitled to UIM coverage. Accordingly, Appellants' first, second, fourth, and fifth assignments of error are not well taken.
 Assignment of Error Number Three
"The trial court erred to the prejudice of * * * Mary Cox in determining that the policy of umbrella insurance coverage issued by [American] does not afford coverage for her claims."
 Assignment of Error Number Six
"The trial court erred to the prejudice of * * * Ralph Cox in determining that the policy of umbrella insurance coverage issued by [TIG] does not afford coverage for his claims."
 {¶ 8} In their third and sixth assignments of error, Appellants have contended that the trial court erroneously determined that they were not entitled to coverage under either the American or TIG policy of umbrella insurance coverage. This Court disagrees with Appellants' contention.
 {¶ 9} A condition precedent to recovery under an umbrella policy is the existence of a primary policy of insurance and the entitlement to coverage under the primary policy. Wright v. Medamerica Int'l, 2nd Dist. No. 19809, 2003-Ohio-5723, at ¶ 33; Misseldine v. American Guarantee Liability Ins. Co., 8th Dist. No. 82029, 2003-Ohio-2315, at ¶ 9, appeal not allowed (2003), 99 Ohio St.3d 1468 (concluding that entitlement to UM/UIM coverage under an umbrella policy is dependent upon an individual's entitlement to coverage under the underlying policy). The existence of the primary policy is necessary because "the purpose of * * * umbrella coverage is to protect the insured in the event of a catastrophic loss in which liability exceeds the available primary coverage." Wright, 2003-Ohio-5723, at ¶ 33, quoting Russ 
Segalia, Couch on Insurance 3d (1999) 220-237, Section 220:32.
 {¶ 10} In this case, the American policy is an umbrella policy for the Indemnity insurance policy, and the TIG policy is an umbrella policy to the OIGA insurance policy. As neither Appellant is entitled to coverage under the primary policies issued by Indemnity and OIGA, it follows that they are not entitled to coverage under these umbrella policies. See Wright, 2003-Ohio-5723, at ¶ 33; Misseldine,
2003-Ohio-2315, at ¶ 9. Therefore, we conclude that the trial court did not err when it determined that Appellants were not entitled to coverage under either the American or TIG policy of umbrella insurance coverage. Appellants' third and sixth assignments of error are not well taken.
 III {¶ 11} Appellants' assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J. and Batchelder, J., concur.
[1] At the time of the accident, Ralph Cox was employed by Aircraft Braking Systems, a division of Loral Space Communications, LTD., and Mary Cox was employed by Lockheed Martin.
[2] Indemnity issued a business automobile policy and commercial general liability policy to Lockheed Martin.
[3] National Union issued an umbrella liability policy to Lockheed Martin.
[4] We note that OIGA is the successor in interest to Reliance. Reliance issued Loral Space Communication, LTD. a commercial automobile policy and a commercial general liability policy.
[5] TIG issued an umbrella liability policy to Aircraft Braking System.